# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition for Warrant or Summons For Offender under Supervision

**Name of Offender:**   Theodore  Williams                **Docket Number:**   0972 1:12CR00135

**Name of Judicial Officer**:   Senior United States District Judge Anthony W. Ishii

**Date of Original Sentence:**   7/29/2013

**Original Offense:** 26 U.S.C. § 5861(d), Possession of a Firearm Not Registered in the National Firearms Registry (Class C Felony)

**Original Sentence:** 30 months BOP; 36 months TSR; $100 special assessment; DNA collection; and Mandatory drug testing

**Special Conditions:**  Warrantless Search; Drug/Alcohol Treatment; Drug/Alcohol Testing; Community Service; Aftercare Co-payment; Gang Associations

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   10/10/2014

**Other Court Actions:**

12/3/2014:   Probation 12A, Report on Offender under Supervision, the offender submitted a urine sample which tested positive for Marijuana. The Court approved a plan of random drug testing and drug counseling.

### PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

RE: **Theodore Williams**                                    Docket Number: 0972 1:12CR00135-01

| **Charge Number** | **Nature of Violation** |

**Charge 1**              NEW LAW VIOLATION

On January 22, 2015, the offender was involved in a robbery and attempted murder in Modesto, California, in violation of the standard condition, "The defendant shall not commit another federal, state or local crime."

**Charge 2**              FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED

On December 11, 2014; January 17, 2015; February 3, 7, and 11, 2015; May 18 and 27, 2015; and June 6 and 9, 2015, the offender failed to report for random drug testing, in violation of special condition number 3, "As directed by the probation officer the defendant shall participate in a program of testing to determine if he has reverted to the use of drugs or alcohol."

**Charge 3**              FAILURE TO PARTICPATE ON DRUG COUNSELING AS DIRECTED

On November 26, 2014; December 5, 12, and 29, 2014; January 28, 2015; February 11 and 15, 2015; and May 15 and 22, 2015, the offender failed to attend individual substance abuse counseling, in violation of special condition number 2, "As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug and alcohol abuse."

On March 6, 13, and 20, 2015; Aril 29, 2015; and May 15 and 22, 2015, the offender failed to attend Moral Reconation Therapy, in violation of special condition number 2, "As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug and alcohol abuse."

**Charge 4**              FAILURE TO NOTIFY OF CHANGE IN RESIDENCE

On June 25, 2015, the probation officer attempted to contact the offender at his reported address. The probation officer was informed by a resident at the offender's address of record that the offender did not live at the residence. The offender relocated without notifying the probation officer of a change in residence in violation of standard condition number 6, "the defendant shall notify the probation officer ten days prior to any change in residence or employment."

**Charge 5**              FAILURE TO FOLLOW INSTRUCTIONS OF PROBATION OFFICER
                          AS DIRECTED

The offender was directed to participate in the job readiness program and failed to attend. The offender was also directed to participate, and agreed to participate, in the re-entry court and failed to do so. This is in violation of standard condition number 3, "The defendant shall answer truthfully all inquiries of the probation officer and follow instructions of the probation officer."

RE: **Theodore Williams**                                         Docket Number: 0972 1:12CR00135-01

**Charge 6**          **FAILURE TO SUBMIT MONTHLY REPORT FORMS AS DIRECTED**

The offender failed to submit monthly supervision reports for the months of February, April, and May, 2015, in violation of standard condition number 2, "the defendant shall report to the probation officer in a manner and frequency directed by the court or the probation officer."

**Justification:** On October 10, 2014, the offender began his term of supervised release. He, almost immediately, began having issues. On November 4, 2014, the offender submitted a urine sample which tested positive for marijuana. The Court was notified and approved a plan of random testing and drug counseling. The offender's compliance with testing and counseling was very sporadic. He would report as directed for a few weeks, appear to be doing well and then he would stop attending. As a result, the offender missed several drug tests and counseling appointments. In an effort to try and work with the offender, he was repeatedly admonished for missing testing and counseling appointments. He was also referred to the employment readiness program and he failed to attend that as well. Lastly, he was referred and agreed to participate in re-entry court, which he has also failed to attend. Numerous efforts have been made to locate the offender to no avail. However, it was learned that Stanislaus County has an active warrant for the offenders arrest based on a robbery and attempted murder charge. Most recently, the probation officer learned the offender has relocated from his residence of record and his whereabouts are unknown.

**Detention:** It is recommended that a no-bail warrant be issued and held as a federal detainer. It is further recommended the offender be detained pending violation proceedings. Considering the totality of this case, including the seriousness of his federal conviction, the seriousness of the case for which there is a warrant, and the fact that he has absconded from supervision, his behavior is deemed high risk to the community and he is a flight risk.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**   **July 9, 2015**
                             **Fresno, California**

                                                                   Respectfully submitted,

                                                                   /s/ Leighann L. Milford
                                                                   **LEIGHANN L. MILFORD**
                                                                   **Senior United States Probation Officer**
                                                                   Telephone:

**DATED:**   7/9/2015

RE: **Theodore Williams**                                     **Docket Number: 0972 1:12CR00135-01**

Reviewed by,

**/s/ Tim D. Mechem**
**TIM D. MECHEM**
**Supervising United States Probation Officer**

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.  NO BAIL

☐ The issuance of a summons (copy to Defense Counsel).

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

IT IS SO ORDERED.

Dated:   July 9, 2015                                    _____
                                                                         SENIOR DISTRICT JUDGE

RE: **Theodore Williams**                                         **Docket Number:** 0972 1:12CR00135-01

# STATEMENT OF EVIDENCE OF ALLEGED
# SUPERVISED RELEASE VIOLATIONS

Honorable Anthony W. Ishii
Senior United States District Judge
Fresno, California

                                                  RE:    Williams, Theodore
                                                  **Docket Number:** 0972 1:12CR00135

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1: NEW LAW VIOLATION**

    **a. Evidence:**

        i. Modesto Police Department report #MP15-006558

    **b. Witnesses:**

        i. Modesto Police Detective Pouv

**Charge 2: FAILURE TO PARTICIPATE IN DRUG TESTING AS DIRECTED**

    **a. Evidence:**

        i. Turning Point Monthly Treatment Reports

    **b. Witnesses:**

        i. Leighann Milford, Senior United Stated Probation Officer

RE: **Theodore Williams**                             Docket Number: 0972 1:12CR00135-01

**Charge 3: FAILURE TO PARTICIPATE IN COUNSELING APPOINTMENT AS DIRECTED**

    a. **Evidence:**

        i. Monthly Treatment Reports from Turning Point Aftercare

    b. **Witnesses:**

        i. Roy Vincent, Drug Aftercare Counselor

**Charge 4: FAILURE TO NOTIFY OF CHANGE IN RESIDENCE**

    a. **Evidence:**

        i. None

    b. **Witnesses:**

        i. Leighann Milford, Senior United State Probation Officer

**Charge 5: FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER AS DIRECTED**

    a. **Evidence:**

        i. None

    b. **Witnesses:**

        i. Leighann Milford, Senior United States Probation Officer

        ii. Marlene K. DeOrian, Senior United States Probation Officer

**Charge 6: FAILURE TO SUBMIT MONTHLY REPORT FORMS AS DIRECTED**

    a. **Evidence:**

        i. None

    b. **Witnesses:**

        i. Leighann Milford, Senior United States Probation Officer

RE: **Theodore  Williams**                                         Docket Number: 0972 1:12CR00135-01

Respectfully submitted,

**/s/ Leighann L. Milford**
**LEIGHANN L. MILFORD**
**Senior United States Probation Officer**
Telephone:

**DATED:**   7/1/2015
             Fresno, California

Reviewed by,

**/s/ Tim D. Mechem**
**TIM D. MECHEM**
**Supervising United States Probation Officer**

RE: **Theodore Williams**                                               **Docket Number: 0972 1:12CR00135-01**

# REVOCATION GUIDE – SUPERVISED RELEASE

**Name of Offender:**   Theodore Williams                **Docket Number:**   0972 1:12CR00135

**Date of Original Offense:**   03/30/2012

**Original term of supervised release imposed:** 3 **years**

**Highest grade of violation alleged:** A

**Criminal History Category of offender:** V

**Original guideline range:** 37 **to** 46 **months.**

**Chapter 7 range of imprisonment:** 24 m**onths. (7B1.4(b)(1)**

**Maximum term on revocation - 18 USC 3583(e)(3):**  (*choose one below*)

- ☐   **Class A felony - 5 years**
- ☐   **Class B felony - 3 years**
- ☒   **Class C and/or D felony - 2 years**
- ☐   **Class E felony and misdemeanors - 1 year**

**Original offense committed on or after 04/30/2003**:  Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above.  There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges.  Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed after 09/13/94:**   Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**   Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.