# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff** <br> v. <br> **THEODORE WILLIAMS,** <br> **Defendant** | CASE NO. 1:12-CR-0135 AWI BAM <br><br> ORDER ON MOTION FOR COMPASSIONATE RELEASE <br><br> (Doc. No. 68) |

On April 17, 2020, Defendant Theodore Williams filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 68. Defendant is currently housed at the MDC Los Angeles federal prison. Based on his asthmatic medical condition and the Covid 19 pandemic, Defendant seeks compassionate release in the form of a resentencing for time served. See id. The United States has filed an opposition and Defendant has filed a reply.

*Background*

On May 20, 2013, Williams accepted a plea agreement and pled guilty to a single count of 26 U.S.C. § 5861(d), possession of an unregistered firearm. See Doc. Nos. 14, 15.

On July 29, 2013, Williams was sentenced to 30 months imprisonment and 36 months of supervised release. See Doc. Nos. 20, 21.

On November 21, 2018, following a July 2015 petition for violation of terms of supervised release, Defendant admitted to violating his supervised release. See Doc. Nos. 25, 39. Defendant was sentenced to time served and 32 months of supervised release on December 10, 2018. See Doc. Nos. 39, 41.

On January 8, 2020, following an August 2020 petition for violation of terms of supervised release and a November 2020 superseding petition, Defendant admitted to violating the terms of supervised release. See Doc. Nos. 48, 64. On January 27, 2020, Defendant was sentenced to 24 months in prison with no term of supervised release. See Doc. Nos. 66, 67.

On April 17, 2020, Defendant, through counsel, filed this motion. See Doc. No. 68.

*Defendant's Argument*

Defendant argues that he has lived his entire life with asthma, including multiple trips to the hospital as a child for asthmatic attacks. He routinely used an inhaler as child, and as an adult, he uses an inhaler as necessary and avoids over exertion. Defendant has six children, three of whom also suffer from asthma. Defendant argues that his asthmatic condition places him among those with the highest risk of death or serious illness from Covid 19. Defendant argues that he is particularly at risk given the confined conditions and limited resources at prison. Defendant also argues that the Court should excuse his compliance with § 3582(c)(1)(A)'s exhaustion requirement given the seriousness of Covid 19 and Defendant's medical condition. Finally, Defendant argues that the 18 U.S.C. § 3553 factors support a reduction of sentence/compassionate release.

*Government's Opposition*

The United States argues that Defendant's release date is May 30, 2021, and that he has only served about 2 months of sentence. Defendant is 27 years old and in generally good health. There are no records that indicate that Defendant requires daily use of steroids or other medications to control his asthma, and, although he was issued an inhaler, he informed medical staff that he had not used one for 7 months. The United States also argues that Defendant has failed to exhaust his administrative remedies because he has not filed a request with BOP that asks for compassionate release. The United States also argues that the BOP has improved its response to Covid 19 and implemented new protocols and procedures. Finally, the United States argues that the § 3553 factors strongly weigh against compassionate release.

*Defendant's Reply*

In reply, Defendant asserts that he submitted a request for compassionate release on April

2

21, 2020, with the Warden of MDC Los Angeles. Defendant does not explain what action, if any, was taken by the warden.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Iin relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

After review, the Court will deny the motion for two reasons.

First, the Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the

court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Here, Defendant states that he filed a request for compassionate release with the Warden of MDC Los Angeles on April 21, 2020. However, assuming that Defendant's request to the Warden, which predates Defendant's filings in this case, was proper, the Court does not know what action the warden has taken. This is important because, if the warden denied the request within 30 days of receiving the request, then Defendant was required to continue to exhaust available administrative remedies. See United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (and cases cited therein). If the warden did not act within 30 days of receiving the request, then Defendant would be able to seek relief in this Court. See id. It is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A). See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10. Defendant has failed to meet his burden of demonstrating adequate exhaustion. Without an adequate showing of exhaustion, the Court must deny this motion for want of jurisdiction. See id. at *11.

Second, and in the alternative, even if the Court were to conclude that Defendant met his burden of demonstrating exhaustion and jurisdiction, the Court would not find that he has demonstrated extraordinary and compelling reasons for compassionate release.  Defendant relies only his asthmatic condition.  However, according to the CDC, people with "moderate to severe asthma may be at a higher risk of getting very sick from Covid 19."  See www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/asthma.html.  Neither Defendant's medical records or briefing sufficiently indicate that Defendant has "moderate to severe" asthma.  The sealed medical records indicate that Defendant had not used an inhaler in the last 7 months, had no wheezing, but needed an inhaler with exercise and cold air; the diagnosis is "asthma" without any indication of severity.  See Defendant's Ex. 2.  If the Court nevertheless assumes that Defendant has "moderate to severe" asthma, he is not per se at a higher risk of serious infection, rather he "may be at a higher risk."  Based on what has been submitted to the Court, the risk that Defendant faces from Covid 19 based only on his personal asthma characteristic is speculative.  Additionally, Defendant provides no information regarding his "living situation" at MDC Los Angeles or the steps that this facility has taken to protect and treat inmates with respect to Covid 19.  Finally, according to the BOP website, MDC Los Angeles currently has 1 inmate and 2 staff members who have tested positive for Covid 19.[1]  This is not a large outbreak and there is no indication at this time that MDC Los Angeles is not taking appropriate steps to contain Covid 19 or is not otherwise managing the situation appropriately.  At best, Defendant has demonstrated that he might be at an increased risk of serious illness from Covid 19.  In the words of the Third Circuit, "We do not mean to minimize the risks that COVID-19 poses in the federal prison system . . . .  But the mere existence of COVID-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."  Raia, 954 F.3d at 597.

In sum, because Defendant has not shown that he has exhausted his administrative remedies or that he faces extraordinary compelling reasons that justify compassionate release, the Court will deny Defendant's § 3582(c)(1)(A) motion.

---

[1] See www.bop.gov/coronavirus/#:~:text=COVID%2D19%20Cases,14%2C067%20in%20community%2Dbased% 20facilities.&text=Currently%2C%2010%2C251%20inmates%20and%20870,attributed%20to%20COVID%2D19%2 0disease.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 68) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 1, 2020

_____
SENIOR DISTRICT JUDGE