# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>THEODORE WILLIAMS,<br><br>**Defendant** | **CASE NO. 1:12-CR-0135 AWI BAM**<br><br>**ORDER ON RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 77) |

On December 23, 2020, Defendant Theodore Williams through counsel filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 77. Defendant is currently housed at the MDC Los Angeles federal prison. Based on his asthmatic medical condition and obesity and the Covid 19 pandemic, Defendant seeks compassionate release in the form of a resentencing for time served or home confinement. See id.

*Background*

On May 20, 2013, Williams accepted a plea agreement and pled guilty to a single count of 26 U.S.C. § 5861(d), possession of an unregistered firearm. See Doc. Nos. 14, 15.

On July 29, 2013, Williams was sentenced to 30 months imprisonment and 36 months of supervised release. See Doc. Nos. 20, 21.

On November 21, 2018, following a July 2015 petition for violation of terms of supervised release, Defendant admitted to violating his supervised release. See Doc. Nos. 25, 39. Defendant was sentenced to time served and 32 months of supervised release on December 10, 2018. See Doc. Nos. 39, 41.

On January 8, 2020, following an August 2019 petition for violation of terms of supervised release and a November 2019 superseding petition, Defendant admitted to violating the terms of supervised release. See Doc. Nos. 48, 64. On January 27, 2020, Defendant was sentenced to 24 months in prison with no term of supervised release. See Doc. Nos. 66, 67. Defendant represents that his projected release date is May 2021.

On April 17, 2020, Defendant, through counsel, filed a § 3582 motion for compassionate release. See Doc. No. 68. Following reassignment to the undersigned, that motion was denied on September 1, 2020. See Doc. No. 76.

On November 20, 2020, Defendant submitted a request for reduction in sentence to the Warden of MDC Los Angeles. See Doc. No. 77.

On December 23, 2020, Defendant filed this renewed motion for compassionate release.

*Defendant's Argument*

Defendant argues that he has lived his entire life with asthma, including multiple trips to the hospital as a child for asthmatic attacks. He routinely used an inhaler as child, and as an adult, he uses an inhaler as necessary and avoids over exertion. Defendant has six children, three of whom also suffer from asthma. Defendant uses an inhaler to treat asthma. Defendant also explains that he is an obese black male whose body mass index is 34.2. Defendant argues that his obese condition places him among those with the highest risk of death or serious illness from Covid 19. Defendant argues that he is particularly at risk given the confined conditions and limited resources at prison. Defendant also argues that the 18 U.S.C. § 3553 factors support a reduction of sentence/compassionate release. Finally, Defendant argues that because more than 30 days have passed since his request was submitted to the Warden, he has exhausted his administrative remedies.

*Government's Opposition*

The United States argues that Defendant's release date is May 30, 2021, and that he has only served about 16 months of his sentence. Defendant is 27 years old and in generally good health. There are no records that indicate that Defendant suffers from moderate to severe asthma. While Defendant is "obese," his health conditions are well cared for at MDC Los Angeles. The

2

general threat of Covid 19 does not justify early release in Defendant's case. Further, Defendant is a danger to the community. Defendant has a long criminal history that includes violent offenses, and his history on supervised release was poor. Defendant is in prison now based on a supervised release violation for possessing an unregistered firearm. Defendant also had a significant rules violation in prison in April 2020. Therefore, Defendant is continuing danger to the community and the relevant § 3553 factors do not support release.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). In relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

The administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. United States v. Edward Fuentes, No. 20-10143, (9th Cir. Jan. 27, 2021); Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the

3

exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Section 3582(c)(1)(A)'s exhaustion requirement may not be waived. See United States v. Fuentes, 2021 U.S. App. LEXIS 2260, *1 (9th Cir. Jan. 27, 2021); United States v. Brown, 2020 U.S. Dist. LEXIS 202093, *4 (E.D. Cal. Oct. 28, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; Brown, 2020 U.S. Dist. LEXIS 202093, *4; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Here, Defendant states that he filed a request for compassionate release with the Warden of MDC Los Angeles on November 20, 2020. However, the Court does not know what action the Warden has taken. This is important because, if the warden denied the request within 30 days of receiving the request, then Defendant was required to continue to exhaust available administrative remedies. See United States v. Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649, *4-*5 (E.D. Cal. Jan. 21, 2021); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020). If the warden did not act within 30 days of receiving the request, then Defendant would be able to seek relief in this Court. See id. It appears that Defendant is taking the position that simply because 30 days have elapsed, irrespective of any actions by the Warden, he has exhausted his

administrative remedies.  This Court has rejected that interpretation of the § 3582(c)(1)(A). Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *4-*5; see also United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020) ("But in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau to review the request and make a recommendation (or it let 30 days pass *in silence*)." (emphasis added)).  It is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A). See Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *5; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10.  Defendant has failed to meet his burden of demonstrating adequate exhaustion.  Without an adequate showing of exhaustion, the Court must deny this renewed motion for want of jurisdiction.  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *11.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 77) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  January 28, 2021                                 _____
                                                        SENIOR DISTRICT JUDGE